IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PHAEDRA R. SHIVELY,

    Plaintiff,

vs.                                                                       No. CIV 98-809 LCS

SANTA FE PREPARATORY SCHOOL INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes on Defendant's Motion for Summary Judgment, filed on September 9, 1999. The Court, having considered the pleadings, the memoranda submitted by the parties and the applicable law, finds that the Motion is well-taken in part and will be granted in part and denied in part.

Defendant Santa Fe Prepatory School ("the school") refused to renew the teaching contract of Plaintiff Phaedra R. Shively ("Shively") on the grounds that they felt she did not cooperate in her evaluation. Shively contends that the school's proffered reason is untrue, that the real reason they terminated her was because of her age, and that her termination was without just cause in violation of her express contract, contrary to provisions of her implied contract, and a breach of the implied covenant of good faith and fair dealing.

The school moved for summary judgment on the grounds that there are no issues of material fact and one party is entitled to judgment as a matter of law. *See Woodman v. Runyon*, 132 F.3d 1330, 1337 (10th Cir. 1997). The school first contends that, even if there were an issue

1

of fact whether they sincerely believed that Shively did not cooperate with her evaluation, that fact would not be material, because, after her contract ended, she was an at-will employee and it did not have to have any reason at all not to offer her a new contract. *See Melnick v. State Farm Mutual Auto. Ins. Co.,* 749 F.2d 1105, 1109 (N.M. 1988).

Shively responded that although the contract the school sent her stated "the school may refuse to re-employ the teacher without cause, and this contract shall not give rise to any entitlement to or expectation of re-employment", she placed an asterisk at the end of the sentence, and wrote on the bottom of the contract, "I agree with all of the last paragraph except the last sentence. I deserve and expect just cause for non-renewal of continuation of my teaching...". Shively then signed and returned the contract. The school never responded.

The school assumes for purposes of this motion that the contract document it sent to the Plaintiff constituted an offer to work as an at-will employee, and that Plaintiff, by her actions, made a counter-offer to work as a non-at-will employee. The School contends that it never accepted this counter-offer. Shively contends that the school's silence and acceptance of her performance constitutes an acceptance of her counter-offer.

The Uniform Jury Instructions, which have been adopted in New Mexico, address this issue. U.J.I. 13-811 provides in relevant part;

Silence is acceptance if [the defendant] took the benefits of an offer, knowing of [the plaintiff's] intent to receive something in return.
[or]
If an offer gave the plaintiff reason to understand that the defendant would consider silence as an acceptance
[or]
If the previous dealings of the parties reasonably indicate that an offer can be accepted by silence or inaction.

2

The "DIRECTIONS FOR USE" to this instruction state:

Where silence is claimed to constitute an acceptance, this instruction should be given with U.J.I. 13-807 and 13-816. Use only the condition(s) listed above which may be applicable to the facts.

U.J.I. 13-807 states:

An acceptance is a statement or conduct made by one party to the other, showing that party's agreement to the terms of the other party's offer. For the defendant to have accepted the plaintiff's offer, it must have informed the plaintiff by a statement or conduct that it agreed to the terms of the offer.

U.J.I. 13-816 states:

For there to be mutual assent, the parties must have had the same understanding of the material terms of the agreement.
To determine what each party understood, you should look at the parties' intentions, words, and actions, and at the surrounding circumstances.
If the understanding of the parties was not the same, the defendant may still be held to have agreed if plaintiff's understanding was reasonable and the defendant's understanding was unreasonable.

The Committee comment to UJI 13-811 references section 69 of the Restatement 2d of Contracts. That section provides in relevant part:

Where an offeree fails to reply to an offer, his silence and inaction operate as an acceptance in the following cases only:
(a) Where an offeree takes the benefit of the offered services with reasonable opportunity to reject them and reason to know that they were offered with the expectation of compensation.
(b) Where the offeror has stated or given the offeree reason to understand that assent may be manifested by silence or inaction, and the offeree in remaining silent and inactive intends to accept the offer.
(c) Where because of previous dealings or otherwise, it is reasonable that the offeree should notify the offeror if he does not intend to accept.

Finally, the New Mexico Court of Appeals has held:

The existence of a contract between parties is generally a question of law for the court. However, when the existence of a contract is at issue and the evidence is conflicting or permits more than one inference, it is for the finder of fact to determine whether the contract did in fact exist.

*Garcia v. Middle Rio Grande Conservancy District*, 664 P.2d 1000, 1005 (Ct. App. N.M. 1983).

In the present case, I find that there is a fact issue whether the school accepted Shively's counter-offer by its silence. I find that differing inferences can be drawn from the facts presented in the pleadings, and that it is necessary to consider the prior dealings of the parties, and their post contract negotiation conduct, in so far as it may reflect on their reasonableness and credibility. Accordingly, I find that there is an issue of fact whether Shively was an at-will employee. Because the school's motion for summary judgment as to Shively's express contract claim depended upon a finding that the Plaintiff was an at-will employee, Defendant's Motion as to Plaintiff's express contract claim will be denied.

As to Shively's claim that her termination was a violation of the implied covenant of good faith and fair dealing, the School's defense to that claim is also based on the presumption that Shively was an at-will employee. *See, e.g., Melnick v. State Farm Mutual Auto Ins. Co.* Because the Court has found that a material issue of fact exists on this point, Defendant's motion for summary judgment will also be denied as to this claim.

Shively claimed that the school breached an implied contract. The school issues an employee handbook which provides, *inter alia*, procedures for evaluation of teachers. Shively contends that the school did not follow all of the procedures in this handbook when it evaluated her. The school contends that its failure to follow the particular procedures of which the Plaintiff complained were not the cause of its decision not to renew her contract. Essentially, it contends that the handbook contained both informal and formal evaluation procedures; that it did not follow the informal procedures, but such procedures would not have been used to make a decision

4

about offering re-employment anyway; and that it followed the formal procedures for evaluating Shively.

Shively does not dispute the school's contention that the formal procedures were followed. Nor does she contend that, had the informal procedures been followed, there is a reasonable probability that the decision not to offer her re-employment would have been different. Most importantly, the school's articulated reason for not offering Shively re-employment was not the results of the formal evaluation; rather, it was her lack of cooperation in the formal evaluation process. Plaintiff cites to nothing in the record suggesting that her alleged lack of cooperativeness in the formal evaluation process resulted from her insisting that the school follow the informal evaluation process. Because the Court finds no relationship between the school's failure to comply with the informal evaluation process and its decision not to offer her a contract after her present contract expired, the Court will grant the motion for summary judgment as to Shively's breach of implied contract claim.

Finally, as to Shively's age discrimination claim, the Court applies the three-part test of *Sanchez v Denver Public Schools*, 164 F.3d 527 (10th Cir. 1998). The plaintiff must establish a *prima facie* case by showing that she is over 40 years old, she suffered an adverse employment action, she was qualified for the position and she was treated less favorably than others not in the protected class. In the present case, the school presumes that Shively can at least establish a fact issue whether she can meet this burden. Under *Sanchez*, if the plaintiff meets this burden, the burden switches to the school to articulate a legitimate, non-discriminatory reason for its actions.

In the present case, Shively concedes that the school has done so. Once the defendant articulates a non-discriminatory reason for its actions, the burden shifts to the plaintiff to show

that the articulated reason was a pretext for discrimination. *Id*. It is this part of the test upon which the parties disagree.

In the present case, Shively's claim will survive a motion for summary judgment if she can raise a reasonable inference that the employer's proffered explanation for terminating her employment - that she did not cooperate in the formal evaluation process - is unworthy of credence or insincere, or was more likely motivated by discriminatory animus. *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 256 (1981). While the school's failure to follow informal evaluation procedures does not provide a separate cause of action in this case, it does raise a fact issue as to the school's credibility in contending that its decision to terminate Shively's employment truly resulted from her failure to cooperate with the school's formal evaluation procedures. The School admits that formal evaluations had for some time been an inconsistent occurrence; it could hardly be surprised that its employees might develop a more cavalier attitude to the process in the face of such inconsistency. To suddenly change the procedures and terminate for uncooperativeness an employee whose attitude did not undergo an immediate transformation raises a fact issue whether uncooperativeness was the real reason for the termination.

Shively also points out that despite the school's claim that she failed to cooperate, her evaluation was completed *several months before* any other teacher who was formally evaluated that year. The school contends that the reason the other teachers' evaluations took longer than Shively's was because they cooperated and the entire process was completed as to them. However, Shively's desire to be evaluated later or to meet at a later time would not be considered uncooperative unless those desires unreasonably delayed the evaluation process.

Because the timing of the other evaluations suggests that her evaluation could have been finished at the same time as the other teachers even with the delays she caused, Shively has raised a fact issue whether the school's proffered reason for not renewing her contract was sincere.

Finally, Shively has produced evidence that in the fall of 1984 (the beginning of her final year) the headmaster and the assistant headmaster, the two individuals who made the decision to terminate her, both made comments from which a jury could reasonably infer that they possessed an animus toward older employees. The school's headmaster, Machen, responded to one teacher's remark that an individual would be a good candidate for headmaster of another school "but he's 59 years old", and told another faculty member in regard to an applicant that the school did not need "another 50 year old, menopausal white woman." Chapman, the assistant headmaster, stated at a department heads meeting that a the school "could not afford to pay for experienced, older teachers" and would have "to hire at 25,000 rather than 35,000". While such remarks might not by themselves be sufficient to defeat a motion for summary judgment, *see generally Cone v Longmont United Hospital Association*, 14 F.3d 526, 531 n.8 (10th Cir. 1994), they are sufficient in combination with Shively's other evidence to create a fact issue whether the school's articulated reason for not offering her a contract was actually a pretext for discrimination based on her age. Accordingly, Defendant's Motion for summary judgment will be denied as to Plaintiff's age discrimination claim.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment (docket entry # 43) is GRANTED as to Plaintiff's claim for breach of implied contract and DENIED as to Plaintiff's claims for breach of express contract, for breach of the implied covenant of good faith and fair dealing, and for violating the A.D.E.A.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE