IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PHAEDRA R. SHIVELY,

        Plaintiff,

vs.                                     NO.   CIV 98-0809 LCS/LFG

SANTA FE PREPARATORY
SCHOOL, INC.,

        Defendant.

## SUPPLEMENTAL FINDINGS OF FACTS AND CONCLUSIONS OF LAW

**THIS MATTER** came before the Court for a non-jury trial on November 15-18, 1999, on consent and designation pursuant 28 U.S.C. § 636(c). At the conclusion of trial, I announced Findings of Fact and Conclusions of Law from the bench. Plaintiff appealed and Defendant cross-appealed. On December 7, 2001, the case was remanded for determination of the length of the amended contract and the damages to be awarded as a consequence of that determination, specifically tying the conclusions to the evidence. (Doc. 84.) On March 21, 2002, I heard oral argument on this matter and received Exhibit 105, Plaintiff's W-2s for 1999, 2000 and 2001. The written Findings of Fact and Conclusions of Law contained herein supplement those announced from the bench. To the extent they are inconsistent with the Findings of Fact and Conclusions of Law announced from the bench, these written Findings of Fact and Conclusions of Law supercede the findings and conclusions announced from the bench.

### Findings of Fact

    1.      The parties stipulated at the hearing of March 21, 2002 that the length of Plaintiff's employment contract with Defendant runs until the end of the school year following Plaintiff's 65th

birthday. Plaintiff, born February 13, 1938, will turn 65 years old on February 13, 2003. (Report of Plaintiff's Expert Witness David Hamilton, Ex. 104 at 3.) Therefore, I find that the length of Plaintiff's employment contract with Defendant runs until the end of the 2002-2003 school year.

2. Plaintiff's salary would have increased at the rate of 3.5% per year for the years 2000-2001, 2001-2002 and 2002-2003. (Testimony of Ann Hunzinger at 873. )

3. Plaintiff would have been employed at four-fifths of full time for the school years 1995-96, 1996-97, 1997-98, 1998-99 due to a temporary decline in enrollment of students in French at Santa Fe Prep. (Testimony of Ann Hunzinger at 872.)

4. The most credible measure of the amount of salary and benefits that Plaintiff would have earned if Defendant did not wrongfully terminate her employment contract is contained in the testimony of Ann Hunzinger and Exhibit 93. However, there is no evidence that the Social Security and Medicare Match, the State Unemployment, or the Workers Compensation affected Plaintiff's income or lifestyle in any way and these sums were excluded in setting her damages. Thus, the best measure of Plaintiff's lost wages are the sum of her gross salary plus "all benefits," except the Social Security and Medicare Match, the State Unemployment, or the Workers Compensation. For the academic years 2000-01, 2001-02, and 2002-03, the best measure of lost income is the 1999-00 income and benefit, less the Social Security and Medicare Match, the State Unemployment, and the Workers Compensation, plus the 3.5% annual increase. Therefore, I find that Plaintiff's lost earnings due to Defendant's breach of contract are as follows:

| 1995-96 | 1996-97 | 1997-98 | 1998-99 | 1999-2000 | 2000-01 | 2001-02 | 2002-03 | Total |
|---|---|---|---|---|---|---|---|---|
| $37,793 | $39,010 | $40,522 | $41,871 | $54,069 | $55,961 | $57,921 | $59,948 | $387,095 |

(Testimony of Ann Hunzinger at 870 to 872; Summary of Estimated Salary & Benefits Expense Phaedra Shively 1995-2000, Ex. 93.)

5. After Defendant breached Plaintiff's employment contract, Plaintiff secured employment as a French teacher at Desert Academy and then at New Mexico Academy for Sciences and Mathematics. (Testimony of Plaintiff at 473-77.)

6. The most credible measure of the amount of salary and benefits that Plaintiff earned after the breach of the employment contract is contained in the report of David Hamilton, admitted as Exhibit 104. The Court further finds in comparing these sums with the actual W-2s, (Exs. 11 and 104), and calculating appropriate benefits, that the Hamilton report is credible in all respects as it pertains to Plaintiff's actual income of salary and benefits. The amounts are as follows and taken directly from the Hamilton Report:

| 1995-96 | 1996-97 | 1997-98 | 1998-99 | 1999-2000 | 2000-01 | 2001-02 | 2002-03 | Total |
|---|---|---|---|---|---|---|---|---|
| $4,305 | $15,000 | $17,641 | $25,000 | $26,425 | $27,431 | $29,523 | $31,205 | $176,530 |

(Report of Plaintiff's Expert Witness David Hamilton, Ex. 104 at 3.) This is the total sum earned in mitigation of Plaintiff's damages.

## Conclusions of Law

1. As a result of Defendant's breach of employment contract, Plaintiff has suffered damages.

2. Defendant had the burden of proof on the issue of mitigation of damages. *Bd. of Educ. of Alamogordo Schs. v. Jennings*, 102 N.M. 762, 764, 701 P.2d 361, 362 (1985).

3. Defendant offered no evidence at trial of any amounts that Plaintiff could have earned with the exercise of reasonable diligence, in the time made available by the breach, from employment of the same quality as her employment under the breached contract. *See* N.M.R.A., UJI-CIV 13-851.

4. At oral argument on March 21, 2002, Defendant moved to reopen the evidence to belatedly introduce evidence that would allegedly show that Plaintiff would have been able to earn

a higher salary than she earned at New Mexico Academy. Defendant's proffer was that a French teacher position opened in the Los Alamos School District three years after the breach of the contract occurred.

5. The district court has broad discretion on remand to all areas not covered by the higher court's mandate. *Cleveland By and Through Cleveland v. Piper Aircraft Corp.*, 985 F.2d 1438, 1449 (10th Cir. 1993). In *Otero v. Mesa County Valley School Dist. No. 51*, 628 F. 2d 1271 (10th Cir. 1980), the Tenth Circuit Court of Appeals remanded the case to the district court because its findings on discriminatory hiring practices did not comply with Rule 52. *Id.* at 1272. On the second appeal, the Court of Appeals held that the district court was not required to reopen the case and receive additional evidence; it was sufficient for it to enter appropriate findings based on the evidence already presented. *Id.*

6. Plaintiff's case was remanded for determination of the length of the amended contract and the damages to be awarded as a consequence of the determination, specifically tying the conclusions to the evidence. (Doc. 84.) Although the mandate states that the remand was to include fact finding, the mandate does not call for the taking of additional evidence. (*Id.*) Defendant had a full and fair opportunity at the trial to offer additional evidence on the issue of mitigation of damages, yet failed to do so. Defendant now seeks another "bite at the apple" two and a half years after the trial of this matter.

7. The mandate establishes that the remand was for *fact finding* and not additional evidence. Thus, the matter has been determined by the Tenth Circuit. To any extent that the matter was not determined by the Tenth Circuit, the question of whether to take additional evidence is left to my discretion. *Cleveland By and Through Cleveland v. Piper Aircraft Corp.*, 985 F.2d 1438, 1449 (10th Cir. 1993). I have determined that Defendant should not be permitted a second chance at trying

to prove proving mitigation at this late date. Under these circumstances, Defendant's request to reopen the evidence is denied.

8. Plaintiff's damages are the salary and benefits she would have earned at Santa Fe Prep, less the salary and benefits she actually earned *See* N.M.R.A., UJI-CIV 13-851.

9. Plaintiff's damages resulting from Defendant's breach of her employment contract are equal to the difference between the amount she would have earned (Finding No. 4 above), and the amount she earned (Finding No. 6 above), or $210,565.00.

**A JUDGMENT CONSISTENT WITH THESE FINDINGS OF FACT AND CONCLUSIONS OF LAW SHALL ISSUE.**

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**